UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TARYN M. H.,<br><br>               Plaintiff,<br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>               Defendant. | CASE NO. 3:24-cv-05348-GJL<br><br>ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 7, 11, 12.

Having considered the ALJ's decision, the record, and all memoranda of record, this matter is **REVERSED** and **REMANDED** for further administrative proceedings.

I.      PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits (DIB) was denied initially and following reconsideration. *See* Administrative Record (AR) 279–85. A hearing was held on Plaintiff's claim before ALJ Marilyn Mauer in September 2019 (AR 50–82) and another hearing

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 1

was held before ALJ Alan Erickson in May 2020 (AR 83–110). ALJ Erickson issued an unfavorable decision that month (AR 198–220) which was vacated by the Appeals Council (AR 221–26). ALJ Erickson held another hearing in August 2021 (AR 111–36) and issued another unfavorable decision that month (AR 227–56) which was also vacated by the Appeals Council (AR 257–63). ALJ David Johnson (the ALJ) held a fourth hearing on May 1, 2023. AR 137–67. He issued a decision finding Plaintiff not disabled on July 25, 2023. AR 14–49. The Appeals Council denied Plaintiff's request for review on April 8, 2024, making the written decision of the ALJ the final agency action subject to judicial review. AR 1–6. Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision on May 8, 2024. Dkt. 1. Defendant filed the sealed AR in this matter on July 8, 2024. Dkt. 5.

## II.     BACKGROUND

Plaintiff was born in 1979 and was 36 years old on her alleged date of disability onset of January 16, 2016. *See* AR 17, 35. She has at least a high school education. AR 35. Her date last insured was December 31, 2021. AR 18. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of post-traumatic cervical dystonia and a depressive disorder. AR 20. However, the ALJ found Plaintiff not disabled because she had the following Residual Functional Capacity (RFC):

> to perform light work […] that does not require standing more than 1 hour at a time and 4 hours total in a workday; that does not require walking more than 40 minutes at a time and 2.5 hours total in a workday; that does not require sitting more than 1 hour at a time and 6 hours total in a workday; that does not require lifting or carrying more than 20 pounds occasionally and 10 pounds frequently; that does not require crawling or climbing of ladders, ropes, or scaffolds; that does not require more than occasional balancing, stooping, kneeling, or crouching; that does not require more than occasional reaching overhead; that does not require more than frequent reaching in other directions; that does not require more than occasional exposure to vibration or extreme cold; that consists of instructions that are not complex; and that is quota-based rather than production-paced.

AR 24.

## III.    DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In her opening brief, Plaintiff argues the ALJ erred (1) in addressing her subjective symptom testimony, (2) in addressing the medical opinion evidence, (3) in formulating the RFC, and (4) because his Step Five finding was not supported by substantial evidence. Dkt. 7.

**A.    Subjective Symptom Testimony**

Plaintiff challenges the ALJ's assessment of her testimony about her neck pain. Dkt. 7 at 13–16. Plaintiff testified she has severe neck pain amplified by movement; that she will often move her neck around after sitting for more than ten to fifteen minutes, causing pain; and that this pain causes difficulties with concentration and sitting and requires her to take multiple breaks throughout the day. *See* AR 143–44.

The ALJ was required to "offer[] specific, clear, and convincing reasons" for discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The Commissioner argues the ALJ did so by pointing to (1) the objective medical evidence, (2) Plaintiff's activities of daily living, and (3) evidence of medical improvement. Dkt. 11 at 3–8. The Court disagrees and finds these were not adequate reasons supported by substantial evidence.

//

//

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 3

Objective Medical Evidence.[1] The ALJ found Plaintiff's testimony inconsistent with medical evidence which:

> found [her] to have a supple to minimally reduced range of motion of the neck, good to full motor strength of the bilateral extremities, normal sensation of the bilateral extremities, normal muscle bulk of the bilateral extremities, and normal deep tendon reflexes with a normal unassisted gait.

AR 26. The ALJ erred because he did not explain, nor can the Court discern, how this evidence was inconsistent with Plaintiff's pain testimony. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) ("[T]o satisfy the substantial evidence standard, the ALJ must . . . explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.") (emphasis in original). Notations of a "supple to minimally reduced range of motion of the neck" from voluntary movement in the limited context of an examination do not contradict Plaintiff's testimony that she experienced pain caused by persistent involuntary motion due to her cervical dystonia impairment.[2] Similarly, normal examinations of Plaintiff's extremities are not necessarily inconsistent with Plaintiff's allegations pertaining to her neck.[3]

Activities of Daily Living. The ALJ summarized many of Plaintiff's activities and asserted they were "inconsistent with the degree and type of limitation asserted." *See* AR 25–26; *see also Orn v. Astrue*, 495 F.3d 623, 639 (9th Cir. 2007) (activities valid basis to discount testimony if inconsistent with alleged symptoms). But the activities discussed—such as going to

---

[1] Defendant contends Plaintiff forfeited a challenge to the ALJ's discussion of the objective medical evidence (Dkt. 11 at 5) but Plaintiff challenged this same evidence in discussing the medical opinion evidence (Dkt. 7 at 5–6).

[2] *See* Cervical Dystonia, Mayo Clinic (accessed Nov. 6, 2024) https://www.mayoclinic.org/diseases-conditions/cervical-dystonia/symptoms-causes/syc-20354123?p=1 ("Cervical dystonia . . . is a painful condition in which your neck muscles contract involuntarily, causing your head to twist or turn to one side. Cervical dystonia can also cause your head to uncontrollably tilt forward or backward.").

[3] Defendant points to several other purported inconsistencies such as the lack of muscle wasting (Dkt. 11 at 4) but the ALJ did not identify such inconsistencies and, therefore, the Court does not consider them. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 4

the zoo, traveling, occasionally using the internet, taking her kids to visit their father, grooming her horses, and driving—are not apparently inconsistent with her testimony. Plaintiff testified, and the ALJ did not acknowledge, that she does many of her activities while dealing with pain or with assistance of others. *See e.g.*, AR 124–25 (family assists with cooking and laundry). Under such circumstances, it is difficult to discern how the identified activities were inconsistent with her pain testimony, and the ALJ's assertion to the contrary was insufficient to establish they were. *See Brown-Hunter v. Colvin*, 804 F.3d 487, 492 (9th Cir. 2015) (The ALJ must "set forth the reasoning behind [his] decision[] in a way that allows for meaningful review.").

Improvement. The ALJ described some of Plaintiff's treatment measures but made no finding that these measures were effective in resolving her symptoms. *See* AR 25. This rationale was an insufficient basis upon which to reject Plaintiff's testimony. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) ("[S]ome improvement" in a person's symptoms "does not mean that the person's impairments no longer seriously affect her ability to function in a workplace."). Moreover, the ALJ's decision did not suggest he was relying upon such measures in discounting Plaintiff's testimony, and therefore the Court cannot affirm on this basis. *See Connett*, 340 F.3d at 874.

In sum, the ALJ failed to give specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. Defendant does not dispute that such an error requires reversal, and, thus, the Court reverses. *See* Dkt. 11; *Ferguson*, 95 F.4th at 1204 ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment").

**B.    Remaining Issues**

Because the Court has determined the ALJ reversibly erred in evaluating Plaintiff's subjective testimony, it declines to consider Plaintiff's remaining arguments concerning the medical opinion evidence, the RFC, and the ALJ's Step Five findings. On remand, the ALJ should reassess the medical evidence and, if warranted, the RFC and his step five finding.

Plaintiff requests the Court remand for an award of benefits. Dkt. 7 at 18. After considering the record, the Court concludes remand for further proceedings is the appropriate remedy, as there remain ambiguities in the medical evidence, including among medical opinions. *See Garrison*, 759 F.3d at 1022; AR 29–33 (assessing conflicting medical opinions, some of which were not challenged by Plaintiff and supported RFC).

### IV.    CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

Dated this 14th day of November, 2024.

Grady J. Leupold
United States Magistrate Judge